**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
JAMES HODGE,

                           Plaintiff,

             - against -

CITY OF LONG BEACH, EUGENE
CAMMARATO, in his individual and official
capacity, and EDWARD EATON, in his
individual and official capacity; and LAWRENCE
WALLACE, also known as LARRY WALLACE,
in his individual and official capacity,

                        Defendants.
-------------------------------------------------------------X

**ORDER**

CV 02-5851 (TCP) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Counsel for non-party Chitra Shenoy, M.D. has filed a letter motion [65] to quash the subpoena served upon her by Defendant City of Long Beach for her deposition as well as for Plaintiff's medical records. Dr. Shenoy is a psychiatrist who has provided treatment to Plaintiff. Dr. Shenoy's attorney maintains that the subpoena should be quashed because (1) it was not accompanied by a HIPAA-compliant records release authorization, and (2) the physician-patient privilege, if it exists in this case, has not been waived. In the alternative, counsel argues that if Dr. Shenoy is required to provide her testimony at a deposition that he be paid expert witness fees for any testimony given.

      Defendant City of Long Beach opposes the motion to quash the subpoena on the grounds that (1) HIPAA regulations do not support the arguments made by Dr. Shenoy's counsel, and that Defendant cured any deficiency by serving a second subpoena upon Dr. Shenoy on February 17, 2006, which specifically included a request for psychotherapy notes from Dr. Shenoy, and (2)

Plaintiff has waived any physician-patient privilege by specifically placing his mental health in issue based upon substantial claims for emotional distress damages [66]. Defendant's counsel also asserts that Dr. Shenoy is only entitled to the statutory witness fee and not expert fees for her deposition testimony. Plaintiff has not submitted any objection to the motion. Counsel for the City of Long Beach also requests that the Court direct the Plaintiff to sign certain modified authorizations or, alternatively, order Dr. Shenoy to produce all psychiatric records, including psychotherapy notes, if any, even without such authorization.

I also note that counsel for Dr. Shenoy has submitted a reply to Defendant's opposition [67]. Replies are not permitted under Magistrate Judge James Orenstein's Individual Rules, nor under mine. Therefore, I am rejecting the reply submitted by counsel for Dr. Shenoy.

Having reviewed the submissions filed on these issues, as well as having reviewed the pleadings and prior history of this case as reflected in the docket, I will address these issues individually. First, counsel for Dr. Shenoy asserts that the subpoena should be quashed because it was not accompanied by a HIPAA-compliant authorization. Defendant City of Long Beach argues that this defect, if in fact there is a defect, was cured by the service of subsequent authorizations on February 17, 2006 which Defendant asserts are HIPAA-compliant. Copies of these authorization forms are attached to the motion as docket entry [66-5]. These forms are purported to be approved by the New York State Department of Health for the release of Protected Health Information ("PHI") pursuant to HIPAA. OCA Official Form No.: 960 has been commonly used as a standard records release authorization since changes were made to the HIPAA statute to help insure the privacy and protection of such records.

However, OCA Official Form No.: 960 was never intended to serve as a basis for authorizing the release of psychotherapy notes. The language of the form itself makes this clear – in section 9(a) of Form 960, there is an option to designate what specific information is to be released. Directly adjacent to the second available check-off box, the following language appears:

> Entire Medical Record, including patient histories, office notes (*except psychotherapy notes*), test results, radiology studies, films . . . (emphasis supplied).

Scratching out the word "except" and typing in the word "including," as Defendant City of Long Beach has done on the authorization form served upon Dr. Shenoy, does not transform OCA Form 960 into a HIPAA-compliant authorization for the release of psychotherapy notes. If the form were intended to provide an option for the release of psychotherapy notes, one could reasonably assume that such an option would appear on the form itself. It does not.

In fact, pursuant to the Code of Federal Regulations, one who is seeking both the medical records and psychotherapy notes of an individual, by subpoena or any other means, cannot combine those records requests in a single authorization or release document. Notably, 45 C.F.R. § 164.508(b)(3) (2006) provides as follows:

> (3) Compound authorizations. An authorization for use or disclosure of protected health information may not be combined with any other document to create a compound authorization, except as follows:
>
> \* \* \*
>
> (ii) An authorization for a use or disclosure of psychotherapy notes may only be combined with another authorization for a use or disclosure of psychotherapy notes . . .

This language makes clear that a release authorization for psychotherapy notes may not be combined with a release authorization for medical records, but must be done independently, as an individual, HIPAA-compliant, separately executed authorization. Samples of independent HIPAA-compliant authorization forms for the release of psychotherapy notes of a treating physician or mental health professional are available from a variety of agency resources as well as via the internet. Therefore, I find that the release authorizations completed and served upon Dr. Shenoy to date by Defendant City of Long Beach are not HIPAA-compliant and I decline to direct Plaintiff to execute the same. Accordingly, and solely for this reason, the motion by non-party Dr. Shenoy to quash the subpoena served upon him is GRANTED. However, in doing so, I note that counsel for Defendant City of Long Beach is free to serve Dr. Shenoy with a new subpoena that is HIPAA-compliant in this regard.

Second, counsel for the City of Long Beach states that the physician-patient privilege in this case has not been waived pursuant to New York Civil Practice Law and Rules 4504. However, counsel does not put forth any legal or factual basis for that assertion. So far as I am aware, Plaintiff to date has not disputed that he has put his mental condition in issue in this lawsuit. Nonetheless, Dr. Shenoy has the right, as Plaintiff's treating psychiatrist, to assert various reasons for preserving the confidentiality of Plaintiff's records, including psychotherapy notes, by means of a motion for a protective order. *See Magee v. The Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 635 (E.D.N.Y. 1997), *citing*, *Cynthia B. v. New Rochelle Hosp. Med. Ctr.*, 60 N.Y.2d 452, 458 (1983). Here, Dr. Shenoy asks that the subpoena for these records be quashed.

The averments of the Second Amended Complaint ("SAC") are significant in terms of resolving this issue. Specifically, in the factual allegations, Plaintiff alleges that he "was

4

ostracized by the party leadership through [Defendants], who intentionally harassed, wrongfully discriminated, demoted, and caused Plaintiff to suffer emotional, physical and mental distress." SAC ¶ 21. Later in the factual recitation, Plaintiff states that he was injured "in his person, mental health, concept of self worth . . . by these overt violative actions set out above in that, as a direct and proximate result of all the wrongful acts of defendants, plaintiff has lost . . . benefits, has lost career status and advancement; has been subjected to humiliation, abuse, embarrassment and extreme physical and mental harm. ... SAC ¶ 76.

In the subsequent setting forth of the specific causes of action, Plaintiff reiterates and realleges that he has *suffered and continues to suffer* emotional distress, humiliation, etc. (emphasis supplied) SAC ¶¶ 80, 89, 95, 104, 112, 120. It is indisputable from a reasonable reading of the pleading that Plaintiff has placed his mental status in issue. Plaintiff clearly considers his mental suffering to be a significant aspect of his claims and therefore, these records are material to those claims. Moreover, the privilege is the Plaintiff's to waive or not waive, not the physician. Plaintiff has not asserted any such privilege here, even though he may not have signed the authorization forms to date. Likewise, no papers have been submitted on behalf of Plaintiff regarding the motion to quash. I therefore find that Plaintiff has waived the privilege.

Consequently, the burden shifts to Dr. Shenoy to establish that nondisclosure is reasonably required to "prevent imminent and serious physical or psychological damage to the patient." *Cynthia B.,* 60 N.Y.2d at 462; *Magee*, 172 F.R.D. at 635. Counsel for Dr. Shenoy has not even raised this issue in the motion to quash. Dr. Shenoy does not point to any imminent or serious physical or psychological damage to Plaintiff which would result from the disclosure. In addition, it is noteworthy that Plaintiff has not joined in Dr. Shenoy's motion, presumably

5

because Plaintiff concedes he has placed his mental status in issue based on his claims. The presumption in favor of the disclosure of Dr. Shenoy's records remains strong and is unrebutted. Moreover, as other courts have noted, allowing Dr. Shenoy to withhold psychotherapy records and notes, in the context of the pleadings in this case, would be "tantamount to allowing Plaintiff to use the [psychiatrist]-patient privilege as both a sword and a shield." *Magee*, 172 F.R.D. at 635; *Farrow v. Allen*, 608 N.Y.S.2d 1 (App. Div. 1993). I therefore find that Dr. Shenoy's records and psychotherapy notes are discoverable and subject to disclosure in this case. Accordingly, if and when Dr. Shenoy is served with an appropriate subpoena and HIPAA-compliant release authorization, Dr. Shenoy will be required to produce all records and notes in his possession relating to Plaintiff's treatment. Having so stated, I also note that it is up to the Plaintiff whether he chooses to execute HIPAA-compliant release authorizations for his medical records and psychotherapy notes. The choice is really his to make. It appears that he has the option of doing so or of withdrawing his claims for emotional distress damages.

Finally, counsel for Dr. Shenoy maintains that if his client is to be deposed, she is entitled to be paid for her specialized skill and knowledge, i.e., as an expert, even if she is not retained as such. Dr. Shenoy's attorney relies upon *Lamere v. State Office for the Aging*, No. 03-CV-0356, 2004 WL 1592669 (N.D.N.Y. July 14, 2004) and an article in the *New York Law Journal* as support for this proposition. Defendant City of Long Beach opposes payment beyond the statutory witness fee on the grounds that Dr. Shenoy is a treating physician and has not been retained here as an expert. The Defendant asks that I adopt the reasoning of *Zanowic v. Ashcroft*, No. 97-CV-5292, 2002 WL 826878, at *1 (S.D.N.Y. Apr. 30, 2002) in which U.S. Magistrate

Judge Henry Pitman specifically referenced the split among courts in the Second Circuit on this issue.

I have reviewed *Zanowic* as well as other cases in the Second Circuit on this topic. At this time, I have no information from Dr. Shenoy's counsel or any of the parties that would lead me to conclude that Dr. Shenoy would be testifying to anything other than the facts involving his treatment of the Plaintiff. Interestingly, the facts and circumstances alleged in *Zanowic* (e.g., employment discrimination based on race, physical and verbal abuse, vandalized locker, failure of supervisors to do proper investigation, retaliatory acts, treatment of plaintiff by a psychiatrist) are somewhat similar to those asserted by Plaintiff here. In the context of that case, the court declined to make an exception to the statutory witness fee. *Id.* at *5-6.

In another case involving the slip and fall of a former officer of the MTA and Metro-North Rail Road, the plaintiff moved to require the defendants to pay an expert witness fee to plaintiff's treating physicians for their pre-trial depositions. *DeRienzo v. Metropolitan Transit Auth. and Metro-North R.R.*, No. 01-CV-8138, 2004 WL 67479, at *2 (S.D.N.Y. Jan. 14, 2004). In dealing with this issue, the court stated the following:

> The information before the court regarding the six physicians in question suggests that they will testify to the facts learned and opinions formed in providing plaintiff medical care. To the extent that they will speak to their own personal consultations with plaintiff, they are not "experts" under the auspices of Rule 26 and are therefore limited to the compensation scheme set forth in 28 U.S.C. § 1821.*Id.* at *6.

Even some of the language quoted by the movant from the *Lamere* case is instructive:

> Again, the critical factor in determining whether a witness is
> entitled to a reasonable fee is the **substance of the testimony**. . . .If
> the treating physician's testimony is **limited to pure observation**,
> **an explanation of treatment notes, etc**., then the physician may
> properly be characterized as a fact witness and receive nothing
> more than the statutory witness fee. . . .(emphasis supplied).

Again, I have been presented with no information as of this date which would take Dr. Shenoy's testimony out of the realm of fact information.

Perhaps the most helpful insight on the topic of fact versus expert witness fees comes from Judge Glasser's opinion in *North Shore Concrete and Assocs., Inc. v. City of New York,* No. 94-CV-4017, 1996 WL 391597, (E.D.N.Y. July 10, 1996), a civil rights action which challenged a scheme that allegedly granted price preferences in construction projects for minority and woman-owned contractors bidding on municipal construction projects. There, the defendants argued that non-party David Evans, an employee of National Economic Research Associates ("NERA") should be paid as an expert for his deposition testimony. NERA had previously completed a study commissioned by New York City to assist the municipality in complying with the U.S. Supreme Court's decision in *City of Richmond v. J.A. Croson Co.*, 488 U.S. 469 (1989). *Id.* at *1 The defendant conceded that it had not retained Evans in anticipation of litigation.

In reaching his decision, Judge Glasser pointed out the Advisory Committee Notes to the 1970 Amendment to Fed. R. Civ. P. 26, which added subdivision(b)(4), and which Notes "draw a sharp distinction drawn in those Notes between experts 'retained or specially employed in anticipation of litigation or in preparation for trial' and 'those who were not retained for those

purposes.'" *North Shore Concrete and Assocs., Inc.,* 1996 WL 391597, at *3. The court took particular note of the following section from the Advisory Committee Notes:

> It should be noted that [Fed. R. Civ. P. 26(b)(4)], does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness.

*Federal Rule of Civil Procedure 26(b)* Advisory Committee Notes to the 1970 Amendment. *Id.* at *3.

In light of the foregoing cases and the circumstances known to me at this time, I see no reason at this juncture to treat the testimony of Dr. Shenoy, should she actually be deposed, as anything other than the testimony of a fact witness. As such, Dr. Shenoy is not entitled to be paid an expert witness fee for such testimony. This ruling is made without prejudice to a renewed application if a deposition of Dr. Shenoy is taken and a record of the testimony is prepared.

In summary, the motion to quash the subpoena as currently served upon non-party witness Dr. Chitra Shenoy is GRANTED. I further find that Plaintiff has placed his emotional and mental status at issue in the case, that he has accordingly waived his physician-patient privilege, and that counsel for Dr. Shenoy has presented no evidence pointing to any imminent or serious physical or psychological damage to Plaintiff which would result from disclosure of Plaintiff's medical records and Dr. Shenoy's psychotherapy notes. Therefore, if served with a proper subpoena and HIPAA-compliant release authorization, Dr. Shenoy would be obligated to produce such documents and to provide her testimony at a deposition. Finally, for all the reasons cited herein, I find that Dr. Shenoy, at this juncture, is not entitled to a heightened witness fee

9

based on the argument that she is providing expert testimony in this case, and the application by her counsel for such an expert fee is DENIED, with leave to renew as noted.

**SO ORDERED.**

Dated: Central Islip, New York
       May 4, 2006

<u>/s/ A. Kathleen Tomlinson</u>
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge